UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **U.S. Claims Services** Inc., *Plaintiff(s)*; <br><br> *vs.* <br><br> Dominick **DeSimone**, *Defendant(s)*. | *No.* 19-CV-6149 (GJP) |

# [PROPOSED] ORDER

**AND NOW**, this _____ day of _____, 2020, upon consideration of the Defendant's Motion to Strike and Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim, any opposition thereto, and the record as a whole, and for good cause having been found, this Court hereby **GRANTS** the motion, and **ORDERS** that all Counts be **DISMISSED** with **PREJUDICE**.

**BY THE COURT:**

_____
Hon. **Gerald J. Pappert**
United States District Judge

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **U.S. Claims Services** Inc., *Plaintiff(s)*; | *No.* 19-CV-6149 (GJP) |
| *vs.* | |
| Dominick **DeSimone**, *Defendant(s)*. | |

## DEFENDANT'S MOTION TO STRIKE AND DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM

Defendant Dominick DeSimone, via his attorney, present this Motion to Strike and Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim, respectfully requesting this Court strike paragraph 15 of the Complaint and to dismiss all counts of Plaintiff U.S. Claims Services' Complaint with prejudice pursuant to Fed. R. Civ. P. Rule 12 (b) (1), 12 (b) (6), and 12 (f).

## INTRODUCTION

1. Plaintiff U.S. Claims Services and Defendant Dominick DeSimone have two related matters before Judge Pappert where the parties are reversed in the cases. In the interests of clarity, proper names are used in lieu of 'Plaintiff' or 'Defendant'.

*Mr. DeSimone's Class-Action Complaint*

2. The first matter, *DeSimone vs. U.S. Claims Services, Inc. and Hashim*, E.D. Pa. #19-cv-6150 is a Unfair and Deceptive Acts and Practices ("UDAP") class action by Mr. DeSimone against U.S. Claims Services, Inc. ("U.S Claims Services") and its director, Mr. Paul Hashim. This was filed December 2nd 2019 in the Philadelphia Court of Common Pleas, and removed by U.S. Claims and Hashim to this Court on December 27th 2019. The claims at issue arise under Pennsylvania Unfair Trade Practices and Consumer Protection Act ("UT-PCPL"), 73 P.S. §§ 201-1 *et seq.*, and Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41 *et seq.. Cmplt. Ex. H.*

3. U.S. Claims Services is a 'finder' of unclaimed property. In exchange for a percentage-based commission, they 'assist' individuals to recover money escheated to the state. *Cmplt.* at ¶¶ 8-9. However, U.S. Claims Services fails to disclose that the state will return this money to the individuals **without any fee whatsoever.** *Cmplt. Ex. H* at 27.

4. The services provided by U.S. Claims Services are entirely valueless, in violation of UDAP statutes. *See, e.g.*, Pennsylvania Unfair Trade Practices Consumer Protection Law, 73 P.S.§ 201-2 (4) (xv) ("[k]nowingly misrepresenting that services are . . . are needed if they are not needed."); Texas Deceptive Trade Practices–Consumer Protection Act, Tex. Bus & Com. Code § 17.46 (b) (24) ("failing to disclose information concerning [] services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed").

*U.S. Claims Services' Collateral Attack*

5.  This second matter, *U.S. Claims Services, Inc. v. DeSimone*, E.D. Pa. #19-cv-6149, is a collateral attack by U.S. Claims Services in the form of a Declaratory Judgment, filed on December 27th 2019. This filing immediately preceding U.S. Claims Services' Notice of Removal of the Class-Action Complaint from the Philadelphia Court of Common Pleas.

6.  U.S. Claims Services' Complaint is confused and difficult to understand, primarily based as they do not articulate any basis for relief. Much of U.S. Claims Services' Complaint is merely re-stating Mr. DeSimone' first-filed class-action complaint, or recounting correspondence regarding settlement offered by counsel prior to filing.

7.  Two Counts are presented by U.S. Claims Services, both titled "There is no such cause of action against licensed finders under the [Pennsylvania or Texas] Unclaimed Property Law." *Cmplt.* at 7–8.

8.  However, there is no such thing as "licensed finders" in Pennsylvania; finders **register** with the Pennsylvania State Treasurer. 72 P.S. § 1301.11a.

9.  U.S. Claims Services requests relief from this Court on these Counts through a declaration:

    > "That the conduct of [U.S. Claims Services] was conducted lawfully pursuant to the Unclaimed Property Law in the Commonwealth of Pennsylvania and in the [S]tate of Texas."
    >
    > *Cmplt.* at 8.

10. U.S. Claims Services fails to articulate any purpose– or basis– for the Court to make this declaration; this Court and Mr. DeSimone are left to guess at the hows and whys.

## FALSE ALLEGATIONS

11. U.S. Claims Services falsely alleges Mr. DeSimone "appears to have a long criminal history" including allegations that he committed numerous arrests for felonies in Pennsylvania. *Cmplt.* at ¶ 15. This allegation is scandalous and bears no relation to the matter that U.S. Claims Services' are attempting to allege.

12. U.S. Claims Services claims to be a "firm of licensed private investigators[,]" however entirely failed to conduct even a cursory investigation of the truthfulness of these allegations. The relevant docket search identifies an individual named Dominick DeSimone with a date of birth of June 11th 1968. Exhibit A.

13. Mr. DeSimone' date of birth is July 4th 1961, and he is an Act 235-certified security officer in Pennsylvania, which requires extensive background checks and no criminal history.

14. U.S. Claims Services' allegations are made merely to harass and defame Mr. DeSimone, and should be struck from their pleadings.

## SUBJECT MATTER JURISDICTION

15. U.S. Claims Services fails to establish any grounds for this Court to have subject matter jurisdiction for this action; they make a single naked assertion as a pro forma allegation of diversity jurisdiction:

> "This Honorable Court has diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332 because [U.S. Claims Services] is a citizen of a different state than [Mr. DeSimone] and **because the amount in controversy exceeds $ 75,000.00**, exclusive of interest and costs."
>
> Cmplt. at ¶ 4 (emphasis added)

16. However, the allegations in the Complaint fail to support this assertion. They allege "[t]he total amount of fees earned from Dominic[k] DeSimone was $196.67 in 2018 [] . . . and $70.37 in 2019 []." *Cmplt.* at ¶13. Even with trebled damages and attorneys' fees, **this amount cannot exceed $1,500**.

17. Likely related to their inability to articulate an actual cause of action, U.S. Claims Services further fails to make *any* allegations that might support a value of the rights they seek to protect through this declaration.

18. U.S. Claims Services bears the burden to demonstrate this Court has subject matter juris-diction. They entirely fail to support their *pro forma* allegations with any facts that support this claim, and therefore this suit must be dismissed.

## FAILURE TO STATE A CLAIM

19. U.S. Claims Services fails to provide even a "formulaic recitation of the elements of a cause of action" for the purpose of their declaratory judgment.

20. This Complaint establishes no basis for relief or state any plausible claim that this Court might decide, instead each Count makes only four boilerplate allegations: (i) incorporating the complaint by reference, *Cmplt.* at 29, 33; (ii) claiming a real and actual controversy exists, *Cmplt.* at 30, 34; (iii) claiming the class-action complaint has "created a cloud", *Cmplt.* at 31, 35; and (iv) seeking declaratory judgment on the "challenged statutory provisions", *Cmplt.* at 32, 36 (unnumbered).

21. U.S. Claims Services allegations fail to definitively identify the "challenged statutory pro-visions." However, it would likely be safe to assume U.S. Claims Services are challenging both the Pennsylvania UTPCPL, 73 P.S. § 201-1*et seq.*and Texas DTP-CPL, Tex Bus.  &

5

Com. Code § 17.41*et seq.*. However, absolutely no basis for any challenge of these statutes is provided.

22. Without such a basis for this challenge, U.S. Claims Services has facially failed to state a claim for relief.

## DISCRETION

23. The Declaratory Judgment Act is an enabling act; the courts are provided the discretion to reject claims on the basis of "practicality and wise judicial administration." *Communications Test Design, Inc. v. Contec LLC*, 367 F.Supp.3d 350, 355–356 (E.D.Pa. 2019) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)).

24. In instances with parallel state or federal litigation, courts usually adhere to the "first to file." *Communications Test Design*, 367 F.Supp.3d at 356 (citing *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012)).

25. Even if U.S. Claims Services was able to fix the structural defects in their pleadings, this Court should still decline to exercise jurisdiction, as Mr. DeSimone's action was first-filed and this declaratory judgment action will not resolve the class-action.

## CONCLUSION

26.   Mr. DeSimone begs this Court strike Paragraph 15 of U.S. Claims Services' Complaint pursuant to Fed. R. Civ. P. Rule 12 (f), and dismiss with prejudice all Counts of their Complaint pursuant to Rule 12 (b) (1) and 12 (b) (6).

Respectfully Submitted,

**Andrew B. Austin, Esq.**
Pennsylvania Bar # 323768
*Attorney for Defendant*

P.O. Box # 54628
Philadelphia, Pennsylvania, 19148
+1 (610) 656-1956
austin@stackhousegroup.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **U.S. Claims Services** Inc., *Plaintiff(s)*; | *No.* 19-CV-6149 (GJP) |
| *vs.* | |
| Dominick **DeSimone**, *Defendant(s)*. | |

# DEFENDANT'S BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE AND DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM

**Andrew B. Austin, Esq.**
Pennsylvania Bar # 323768
*Attorney for Defendant*

P.O. Box # 54628
Philadelphia, Pennsylvania, 19148
+1 (610) 656-1956
austin@stackhousegroup.com

# TABLE OF CONTENTS

**INTRODUCTION** ................................................................. 1

**ARGUMENT** ..................................................................... 3

**1.** **U.S. CLAIMS SERVICES' FALSE ALLEGATIONS THAT MR. DESIMONE HAS A CRIMINAL HISTORY SHOULD BE STRUCK.** ................... 3

**2.** **U.S. CLAIMS SERVICES FACIALLY FAILS TO ESTABLISH A BASIS FOR THIS COURT TO EXERCISE SUBJECT MATTER JURISDICTION.** ....... 4

*2.1.* The allegations of the Complaint show total claims of roughly $ 196.67. .......... 5

*2.2.* U.S. Claims Services' fails to establish any value for any rights they seek to protect.... 5

**3.** **U.S. CLAIMS SERVICES DOES NOT STATE ANY PLAUSIBLE CLAIMS UPON WHICH RELIEF CAN BE GRANTED.** ........................ 6

*3.1.* U.S. Claims Services alleges 'there is no such cause of action'; however the causes of action *do* exist and it is unclear how this Court might declare otherwise. ........... 7

*3.2.* No connection is established between U.S. Claims Services' owner's registration as a finder and their obligations to comply with state UDAP laws. ................... 7

**4.** **U.S. CLAIMS SERVICES HAS ADEQUATE GROUNDS FOR RELIEF IN THE PARALLEL FIRST-FILED LITIGATION, AND THIS COURT SHOULD EXERCISE ITS DISCRETION TO DECLINE THESE CLAIMS.** .......... 8

*4.1.* Mr. DeSimone's class-action was first-filed and provides U.S. Claims Services adequate grounds for relief. ............................................... 8

*4.2.* This declaratory judgment action is duplicative and fails to resolve any controversy between U.S. Claims Services and Mr. DeSimone. .......................... 9

**CONCLUSION** ................................................................. 10

**EXHIBITS** .................................................................... 12

*Exhibit A.* Philadelphia Municipal Court Docket Search ........................ 12

# TABLE OF AUTHORITIES

*Cases* _____   *Page*

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)  . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212 (3d Cir. 2011)  . . . . . . . . . . . . . . . . . . . . .  6

*CNA v. United States, 535 F.3d 132,*  139 (3d Cir. 2008)  . . . . . . . . . . . . . . . . . . . . . . . . .  4

*Collura v. City of Philadelphia*, 2012 WL 6645532 (E.D. Pa. Dec. 21, 2012)  . . . . . . . . .  3

*Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249 (3d Cir. 2009)  . . . . . . . . . . . . . . .  4

*Communications Test Design, Inc. v. Contec LLC,*
   367 F.Supp.3d 350 (E.D.Pa. 2019)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8, 9

*Correctional Med. Care, Inc. v. Gray*, 2008 WL 248977 (E.D. Pa. Jan. 30, 2008)  . . . . .  3

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006)  . . . . . . . . . . . . . . . . . . . . . . . . . .  4

*Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931 (Fed. Cir. 1993)  . . . . . . . . . . . . . . . . .  9

*Gould Electronics Inc. v. U.S.*, 220 F.3d 169 (3d Cir.2000)  . . . . . . . . . . . . . . . . . . . . . .  4

*Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283 (Fed. Cir. 2012)  . . . . . . . . . . . . . . . . . . . . . . .  8

*Port Authority of NY & NJ v. Arcadian Corp.*, 189 F.3d 305 (3d Cir. 1999)  . . . . . . . . . .  6

*Renne v. Geary*, 501 U.S. 312 (1991)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

*Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181 (3d Cir.2006)  . . . . . . . . . . . . . . . . .  4

*U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F3d 506 (3d Cir. 2007)  . . . . . . . . . . .  4

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8


*Constitutional Provisions, Statutes and Rules* _____   *Page*

## INTRODUCTION

Dominick DeSimone initiated a class-action complaint against U.S. Claims Services in the Philadelphia Court of Common Pleas for their deceptive practices as 'finders' of unclaimed property. In retribution, U.S. Claims Services has filed this action—weeks after they were served in the class-action—against Mr. DeSimone.[1]

U.S. Claims Services' business is deceiving consumers into paying them a 15% commission for something that could be done faster, easier, and **for free**. The Pennsylvania Treasurer (and in fact all state holders of unclaimed property) will gladly return your property to you but U.S. Claims Services interjects themselves into the process to receive a payment for doing essentially nothing.

U.S. Claims Services' entire business model is threatened by Mr. DeSimone's class-action complaint, and rightfully so: this type of deceptive behavior is illegal. The Pennsylvania Unfair Trade Practices Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 *et seq.* and Texas Deceptive Trade Practices–Consumer Protection Act, Tex. Bus & Com. Code § 17.41 *et seq.* both prohibit this type of deceptive behavior: Pennsylvania both prohibits "any [] deceptive conduct which creates a likelihood of confusion or misunderstanding[,]" 73 P.S. § 201-2 (4) (xxi), and "[k]nowing[] misrepresenting that services . . . are needed if they are not needed[,]" 73 P.S. § 201-2 (4) (xv); Texas prohibits deceptive practices including "failing to disclose information concerning [] services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed[,]" Tex. Bus. & Com. Code § 17.46 (b) (24)

U.S. Claims Services' Complaint presents a number of structural failures that require it be dismissed. First, U.S. Claims Services is in the wrong court: They have plead a declara-

---

[1]   In the interests of clarity, proper names are used in lieu of the normal party identifiers.

tory judgment in federal court on the basis of diversity jurisdiction, but have shown damages that can not exceed $1,500. Second, they have failed to present to this Court an issue that can actually be adjudicated. U.S. Claims Services wants this Court simply to declare their actions 'lawful' while expecting Mr. DeSimone and this Court to simply guess at what relief they seek and why they might be entitled to it. However, there is no basis in the law for any of the relief they seek: a company does not get to choose which laws it complies with.

However, the real purpose of this Complaint has already been achieved: U.S. Claims Services wants to harass and drive up the costs of litigation for Mr. DeSimone. U.S. Claims Services has presented nothing in this suit that is not more appropriately addressed by their answer to Mr. DeSimone' class-action. This is reinforced by the sloppy 'investigation' this 'firm of licensed private investigators[,]" *Cmplt.* at ¶ 8, conducted before deciding to falsely assert that Mr. DeSimone—an Act 235-certified security officer—is a criminal in an entirely gratuitous allegation of their Complaint, despite the fact that the person they identified has an entirely different date of birth.

U.S. Claims Services failed to meet the minimum standards of pleading necessary to be heard before this Court. Further, as this action is entirely duplicative of Mr. DeSimone's first-filed class-action, they have adequate grounds for relief in that action. This case and all counts should be dismissed with prejudice, and/or this Court should decline to exercise it's direction to hear it.

# ARGUMENT

1. ## U.S. CLAIMS SERVICES' FALSE ALLEGATIONS THAT MR. DESI-MONE HAS A CRIMINAL HISTORY SHOULD BE STRUCK.

U.S. Claims Services' Complaint contains false and gratuitous allegations of alleged criminal history that plainly were motivated by nothing other than a desire to embarrass, insult, and stain the reputation of Mr. DeSimone. "Motions to strike are the proper means to eliminate matters in the pleadings that are 'redundant, immaterial, impertinent, or scandalous.'" *Correctional Med. Care, Inc. v. Gray*, 2008 WL 248977, *10 (E.D. Pa. Jan. 30, 2008) (discussing Fed. R. Civ. P. Rule 12 (f)). "To prevail, the moving party must demonstrate that the allegations have no possible relation to the controversy and may cause prejudice to one of the parties or [that] the allegations confuse the issues." *Collura v. City of Philadelphia*, 2012 WL 6645532, *7 (E.D. Pa. Dec. 21, 2012) (quotations and citations omitted). Scandalous "generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Id*.

U.S. Claims Services alleges they "ran a search on Dominic [sic] DeSimone and discovered the proposed 'class representative' appears to have a long criminal history . . ." before alleging that Mr. DeSimone has been arrested numerous times for serious felonies. *Cmplt*. at ¶ 15. These allegations are categorically false. Mr. DeSimone is a Pennsylvania Act 235-certified (Lethal Weapons) security officer and has never been arrested nor charged.

Despite U.S. Claims Services claim they are a "firm of licensed private investigators[,]" *Cmplt*. at ¶ 8, it is apparent that they failed to conduct even a cursory investigation of these allegations prior to including them in their complaint: Any competent investigator should have *easily* determined Mr. DeSimone' date of birth does not match the criminal history.

These false and defamatory statements against Mr. DeSimone have no possible relation

to this action, and Paragraph 15 of U.S. Claims Services' Complaint should be struck from the the Complaint under Fed. R. Civ. P. Rule 12 (f).

**2.**    **U.S. CLAIMS SERVICES FACIALLY FAILS TO ESTABLISH A BASIS FOR THIS COURT TO EXERCISE SUBJECT MATTER JURISDICTION.**

Rule 12 (b) (1) allows this Court to dismiss complaints when jurisdiction is not properly alleged. Diversity jurisdiction allows federal courts to hear civil actions "between . . . citizens of different States" if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (a). The asserting party bears the burden of establishing federal jurisdiction, with the presumption being that jurisdiction does not exist. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)). Subject matter jurisdiction may be challenged either facially or factually. *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir.2006)). A facial attack "concerns an alleged pleading deficiency" while a factual attack concerns "the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *CNA v. United States, 535 F.3d 132*, 139, 139 (3d Cir. 2008) (quoting *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F3d 506, 514 (3d Cir. 2007)). A Court reviews a facial attack by "considering the allegations of the complaint [and attached documents] in the light most favorable to the plaintiff." *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir.2000).

U.S. Claims Services makes a single naked assertion of jurisdiction:

> "This Honorable Court has diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332 because [U.S. Claims Services] is a citizen of a different state than [Mr. DeSimone] and **because the amount in controversy exceeds $75,000.00**, exclusive of interest and costs."
>
> Cmplt. at ¶ 4 (emphasis added)

There are no other allegations that support this assertion in U.S. Claims Services' Complaint.  In fact, the only facts alleged regarding the amount in controversy establish an amount in controversy substantially below this necessary threshold amount of $75,000. 28 U.S.C. § 1332 (a).

2.1.    **The allegations of the Complaint show total claims of roughly $196.67.**  Evaluating U.S. Claims Services' Complaint in its most favorable light provides an amount in controversy of **less than $1,500**.  They allege "[t]he total amount of fees earned from Dominic[k] DeSimone was $196.67 in 2018 [] . . . and $70.37 in 2019 []." *Cmplt.* at ¶ 13. Even with trebled damages and attorneys' fees, this amount cannot exceed $1,500. This is a sum more suitable for small-claims– than federal– court, and in no way rises to support U.S. Claims Services' necessary jurisdictional allegations.

2.2.    **U.S. Claims Services' fails to establish any value for any rights they seek to protect.** U.S. Claims Services fails to adequately identify the rights they seek to protect, so it is no surprise that in their confusion they are similarly unable to place a value on these un-described rights.  Instead, it is assumed that U.S. Claims Services attempts to assert some 'right' as registered finders in Pennsylvania.

However, a careful reading of the Complaint provides no support—factual or otherwise— that would help this Court to understand the value of any Pennsylvania rights. U.S. Claims Services generally alleges a substantial amount of unclaimed property *in the United States*, and supports it with a (poorly cited) decade-old article that makes no mention of Pennsylvania. *Cmplt.* at ¶ 7 (believed to be citing David Bogoslaw, *Cashing in on Unclaimed Property*, Bloomberg (05/26/2009), `www.bloomberg.com/news/articles/2009-05-26/cashing-in-on-unclaimed-property`).  These general allegations fails to provide the necessary basis to value these rights as applied to U.S. Claims Services' rights as Pennsylvania finders.

5

3.      **U.S. CLAIMS SERVICES DOES NOT STATE ANY PLAUSIBLE CLAIMS UPON WHICH RELIEF CAN BE GRANTED.**

Rule 12 (b) (6) "is designed to screen out cases where a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted[.]" *Port Authority of NY & NJ v. Arcadian Corp.*, 189 F.3d 305, 312 (3d Cir. 1999). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Third Circuit provides three steps for analysis of Rule 12 (b) (6): "First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).

U.S. Claims Services' Complaint seeks a single declaration:

> "That the conduct of [U.S. Claims Services] was conducted lawfully pursuant to the Unclaimed Property Law in the Commonwealth of Pennsylvania and in the [S]tate of Texas."
>
> *Cmplt.* at 8.

This is facially non-justiciable and entirely lacks the context necessary for this Court to adjudicate; while normally this context might be provided from the surrounding Counts, U.S. Claims Services' muddled pleading provides no additional clarification. Instead, they seek two Counts "There is no such cause of action against licensed finders under the [Pennsylvania or Texas] Unclaimed Property Law." *Cmplt.* at 7, 9. Further, the elements they

6

plead are merely the "formulaic recitation of the elements of a cause of action" necessary for a Declaratory Judgment under 28 U.S.C. § 2201. It is impossible to even begin with the test described in *Burtch*: it is unclear what relief they actually seek, much less what the basis for that relief might be.

3.1.   **U.S. Claims Services alleges 'there is no such cause of action'; however the causes of action *do* exist and it is unclear how this Court might declare otherwise.**   Both Pennsylvania and Texas provide causes of action for consumer protection, which U.S. Claims Services clearly identifies: "Specifically, DeSimone alleges claims on behalf of himself and the putative class under the Pennsylvania Unfair Trade Practices Consumer Protection Law, and the Texas Deceptive Trade Practices Consume1' Protection Act." *Cmplt.* at ¶ 57. These private causes of action are created in Pennsylvania law by the UTPCPL § 201-9.2 (a), and in Texas law by the DTPCPL Tex. Bus. & Com. Code § 17.50 (a)

3.2.   **No connection is established between U.S. Claims Services' owner's registration as a finder and their obligations to comply with state UDAP laws.**   U.S. Claims Services' Complaint poses a particular challenge in this regard: they are seeking a declaratory judgment without providing the grounds for the declaration.

Neither Mr. DeSimone nor this Court can determine—without simply guessing—either the relief sought or the basis for such relief. This case fails to provide even a "formulaic recitation of the elements of a cause of action."

Counsel is not so obtuse as to see that U.S. Claims Services believes there is some connection between their principal, Mr. Paul Hashim's, registration as a finder in Pennsylvania and Mr. DeSimone's class-action complaint. They appear to claim that compliance with one statute (unclaimed property) obviates their need to comply with other laws (state UDAP). There is no support for this spurious argument.

If that is the argument U.S. Claims Services is making—and counsel cannot be sure due to the weakness of their pleadings—they have not done so. They have provided no factual or legal basis for this argument, and instead left this Court and Mr. DeSimone to simply guess at their causes of action. This alone requires dismissal under Rule 12 (b) (6)

**4.    U.S. CLAIMS SERVICES HAS ADEQUATE GROUNDS FOR RELIEF IN THE PARALLEL FIRST-FILED LITIGATION, AND THIS COURT SHOULD EXERCISE ITS DISCRETION TO DECLINE THESE CLAIMS.**

The Declaratory Judgment Act is "an enabling Act that confers on courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Communications Test Design, Inc. v. Contec LLC*, 367 F.Supp.3d 350, 355 (E.D.Pa. 2019) (quoting *Wilton*, 515 U.S. at 288) (quotation marks omitted). The courts' normal principal to "adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Communications Test Design*, 367 F.Supp.3d at 355–356 (quoting *Wilton*, 515 U.S. at 288). There is no purpose in hearing this second-filed declaratory judgment: Mr. DeSimone's first-filed class-action provides adequate relief for U.S. Claims Services and this action would fail to resolve any controversy between the parties. Since this Court is neither required to– nor should it hear– U.S. Claims Services' second-filed declaratory judgment action, this Court should exercise discretion and decline to exercise jurisdiction.

**4.1.    Mr. DeSimone's class-action was first-filed and provides U.S. Claims Services adequate grounds for relief.**   Courts generally adhere to the first-to-file rule, which "intended to avoid conflicting decisions and promote judicial efficiency, that favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Communications Test Design*, 367 F.Supp.3d at 356 (citing *Merial Ltd.*, 681 F.3d at 1299)(quotation omitted). "The first-filed action is preferred 'unless considerations of

judicial and litigant economy, and the just and effective disposition of disputes, require oth-erwise.'" *Communications Test Design*, 367 F.Supp.3d at 356 (quoting *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993)).

Mr. DeSimone filed a class-action complaint on December 2nd 2019 in the Philadelphia Court of Common Pleas. *Cmplt.* at ¶ 17. U.S. Claims Services' counsel was notified of this lawsuit on the day of filing; yet twenty-five days later, U.S. Claims Services files this Declaratory Judgment action in the Eastern District of Pennsylvania before immediately fil-ing a Notice of Removal for the state-filed class-action.

Counsel can discern no purpose for this filing nor for the order they were filed with this Court. If the defense that U.S. Claims Services' seems to be attempting to raise actually ex-isted, it would be as an affirmative pleading to the pending class-action; U.S. Claims Services would be required to *factually* prove their compliance with the law before any hypothetical exemption would apply. Instead, U.S. Claims Services seems to want to both confuse– and shortcut– the proper judicial process to simply have this Court declare they are 'lawful.'

4.2.  **This declaratory judgment action is duplicative and fails to resolve any controversy between U.S. Claims Services and Mr. DeSimone.** U.S. Claims Services' declaratory judgment action would fail to resolve the pending class-action. Courts are required to hear declaratory judgments only "[w]here there is an actual controversy and a declaratory judg-ment would settle the legal relations in dispute and afford relief from uncertainty or insecu-rity, in the usual circumstance the declaratory judgment is not subject to dismissal. *Com-munications Test Design*, 367 F.Supp.3d at 357 (citing *Genentech*, 998 F.2d at 937).

U.S. Claims Services seeks a declaration from this Court that provides **no relief** from the class-action lawsuit: compliance with Unclaimed Property laws is **not** the issue but rather their **failure to comply** with state Unfair and Deceptive Acts and Practices laws. They have

made no attempt to show that UPA provides any exemption from UDAP laws, because *no such exemption exists*. Instead, U.S. Claims Services presents an issue to this Court that is collateral *at best* as if it were dispositive to Mr. DeSimone's class-action. It is not.

Even in the unlikely event U.S. Claims Services is able to address the structural failures of their Complaint and declaration (as discussed above), if this declaration does not– and can not– resolve the class-action, this Court should wisely conserve its resources and decline jurisdiction over this suit.

## CONCLUSION

**WHEREFORE**, Defendant DeSimone respectfully requests this Court dismiss with prejudice all of Plaintiff U.S. Claims Services' claims due to the failures identified above.

Respectfully Submitted,

**Andrew B. Austin, Esq.**
Pennsylvania Bar # 323768
*Attorney for Defendant*

P.O. Box # 54628
Philadelphia, Pennsylvania, 19148
+1 (610) 656-1956
austin@stackhousegroup.com

10

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of **Defendant's Motion to Strike and Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim** and any accompanying memorandum or documents upon the parties or their counsel via Electronic Case Filing on **Friday, January 10th 2020**.

Respectfully Submitted,

**Andrew B. Austin, Esq.**
Pennsylvania Bar # 323768
*Attorney for Defendant*

P.O. Box # 54628
Philadelphia, Pennsylvania, 19148
+1 (610) 656-1956
austin@stackhousegroup.com

# EXHIBIT A

## Philadelphia Municipal Court Docket Search

*(reflecting different date of birth than Defendant Dominick DeSimone)*

Common Pleas Docket Sheet                                                    1/3/20, 5:19 PM

Create New Account Login

## Common Pleas Courts Docket Sheets

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

Please note:

When a search of cases from Philadelphia County is conducted using "other criteria", the search results will include all applicable Philadelphia Municipal Court (MC) and Court of Common Pleas (CP) cases. In Philadelphia County, MC has initial jurisdiction in processing every criminal arrest in Philadelphia and conducts misdemeanor trials and preliminary hearings for all felony cases. Therefore, some cases, such as those involving felony offenses, will initially be filed in MC but will be adjudicated in the CP. Thus, some cases will have both a MC and CP docket number that concern the same incident or offenses.

To determine if a MC case has a related CP case (or vice versa), please review the "cross court docket number" field appearing on the web docket sheet (see page one in the case information section). Specifically, if a MC case has a corresponding CP case, the CP case docket number will most often be set forth as the "cross court docket number" on the web docket sheet for the MC. Similarly, if a CP case has a corresponding MC case, the MC case docket number will most often be set forth as the "cross court docket number" on the CP case web docket sheet.

Click here to view information concerning the 'number' and 'oldest year' of cases migrated from county legacy systems to CPCMS. While not all cases were migrated, this chart will provide a general guideline as to the age of a criminal case available from the Court of Common Pleas Web Docket Sheet.

The webpage you are viewing is operated and maintained by Pennsylvania's Unified Judicial System as a source of public information. The webpage is not affiliated with any search system for public records provided by private organizations for which fees may be incurred. The ability to search for and review information contained in these docket sheets is a free public service.

### Select a CP/MC Docket Search Type from the dropdown *(default search type is by Docket Number)*

Search Type: [ Participant Name ▾ ]

### Enter the desired search criteria and click Search *(available search criteria changes based upon the type selected above)*

* Last Name: [ DeSimone ]
* First Name: [ Dominick ]
Date of Birth: [ _/_/___ ] 📅
**and any combination of**
County: [ ▾ ]
Docket Type: [ Criminal ▾ ]
Case Category: [ ▾ ]
Case Status: [ ▾ ]
Date Filed: [ _/_/___ ] through [ _/_/___ ] 📅

| Docket Number | Short Caption | Filing Date | County | Party | Case Status | OTN | LOTN | Police Incident/Complaint Number | Date of Birth |
|---|---|---|---|---|---|---|---|---|---|
| CP-51-CR-0000910-2016 | Comm. v. Desimone, Dominick | 1/27/2016 8:48:00 AM | Philadelphia | Desimone, Dominick | Closed | N9902955 | | 1509044094 | 6/11/1968 |
| MC-51-CR-0038829-2015 | Comm. v. Desimone, Dominick | 12/15/2015 12:50:00 AM | Philadelphia | Desimone, Dominick | Closed | N9902955 | | 1509044094 | 6/11/1968 |
| CP-51-CR-0000909-2014 | Comm. v. Desimone, Dominick | 1/27/2014 7:09:00 AM | Philadelphia | Desimone, Dominick | Closed | N8543905 | | 1302018725 | 6/11/1968 |
| CP-51-CR-0009381-2013 | Comm. v. Desimone, Dominick | 7/19/2013 9:57:00 AM | Philadelphia | Desimone, Dominick | Closed | N8698756 | | 1339045941 | 6/11/1968 |
| MC-51-CR-0026047-2013 | Comm. v. Desimone, Dominick | 7/4/2013 5:17:00 PM | Philadelphia | Desimone, Dominick | Closed | N8698756 | | 1339045941 | 6/11/1968 |
| MC-51-CR-0012210-2013 | Comm. v. Desimone, Dominick | 3/29/2013 6:01:00 PM | Philadelphia | Desimone, Dominick | Closed | N8543905 | | 1302018725 | 6/11/1968 |

https://ujsportal.pacourts.us/DocketSheets/CP.aspx                                    Page 1 of 2

Exhibit A                                                                              13

1/3/20, 5:19 PM

| | | | | | | | Dominick | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CP-51-CR-0009028-2009 | Comm. v. Desimone, Dominick | 7/14/2009 10:10:00 AM | Philadelphia | Desimone, Dominick | Closed | N | 6151040 | 0902026542 | 6/11/1968 |
| MC-51-CR-0022175-2009 | Comm. v. Desimone, Dominick | 5/17/2009 4:44:00 PM | Philadelphia | Desimone, Dominick | Closed | N | 6151040 | 0902026542 | 6/11/1968 |

Exhibit A                                                                                                      14