# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. Claim Services, Inc., | : | CIVIL ACTION |
| dba Payne Richards & Associates. | : | |
| | : | |
| v. | : | |
| | : | NO:  2:19-cv-06149-GJP |
| Dominick DeSimone | : | |
| | : | |
| | : | |

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO STRIKE AND DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION <u>AND FAILURE TO STATE A CLAIM</u>

John P. Quinn, Esq.
Karen Grethlein, Esq.
MARSHALL DENNEHEY
WARENER COLEMAN &
GOGGIN, P.C.
Attorney ID No.: 85239
Attorney for Defendants
2000 Market Street, Suite 2300
Philadelphia, Pennsylvania 19103
(215) 575-2883
jpquinn@mdwcg.com
kegrethlein@mdwcg.com

William W. Palmer, Esq.
PALMER LAW GROUP, A PLC
Admitted *Pro Hac Vice* Counsel
Attorney for Defendants
2443 Fair Oaks Blvd., No. 545
Sacramento, California 95825
(916) 972-0761
wpalmer@palmercorp.com

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................1

II.   LEGAL ANALYSIS ...................................................................3

      A.   Mr. DeSimone's Criminal Record Will be Deleted From The
           Complaint .................................................................................3

      B.   The Article III Subject Matter Jurisdiction is Proper ...........................3

      C.   Jurisdiction Over Plaintiff's Action is Already Properly Before This
           Court Under CAFA ...............................................................6

      D.   The District Court May Exercise Jurisdiction .....................................8

III.  CONCLUSION .........................................................................11

# TABLE OF AUTHORITIES

## <u>FEDERAL CASES</u>

*Aetna Life Ins. Co. v. Haworth*,
  300 US 227, 239-240 (1937) ........................................................................................4

*Allstate Ins. Co. v. Davis*,
  430 F. Supp. 2d 1112, 1122 (D HI 2006) ....................................................5

*Brillhart v. Excess Ins. Co.*,
  316 U.S. 491, 495 (1942) ...............................................................................8, 9, 10

*Coba v. Ford Motor Co.*,
  932 F3d 114 (3rd Cir. 2019) ....................................................................................2

*Dart Cherokee Basin Operating Co. v. Owens*,
  574 U.S. 81 (2014) ...................................................................................................2, 7

*Dickinson v. Indiana State Election Board*,
  933 F2d 497 (7th Cir. 1991) ............................................................................5

*Fern v. Turman*,
  736 F.2d 1367 (9th Cir. 1984), cert. denied 469 U.S. 1210 (1985) ..............................10

*Fireman's Fund Ins. Co. v. Ignacio*,
  860 F.2d 353 (9th Cir. 1988) ...........................................................................10

*Foremost Ins. Co. v. Nosam*, LLC,
  No. 5:17-cv-02843, 2018 U.S. Dist. LEXIS 6645 .......................................................8

*Green Edge Enterprises, LLC v. Rubber Mulch Etc., LLC*,
  620 F3d 127, 1300 (Fed. Cir. 2010) ................................................................1

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc,*,
  896 F2d 1542, 1555 (9th Cir. 1989) ...............................................................5

*Harris v. United States Fid. & Guar. Co.*,
  569 F2d 850, 852 (5th Cir. 1978) ...................................................................5

*Harris County Texas v. MERSCOPR Inc.*,
  791 F3d 545, 552 (5th Cir. 2015) ...................................................................5

*Heimann v. National Elevator Industry Pension Fund*,
  187 F3d 493, 511 (5th Cir. 1999) ...................................................................5

*Ibarra v. Manheim Investments, Inc.*,
775 F3d 1193 (9th Cir. 2015)................................................................7

*J.N.S., Inc. v. State of Indiana*,
712 F2d 303, 305 (7th Cir. 1983) ........................................................4

*Kelly v. Maxum Specialty Ins. Grp.*,
868 F3d 274 (3d Cir. 2017) ................................................................8

*LaCross v. Knight Transp. Inc,*,
775 F3d 1200, 1202-1203 (9th Cir. 2015)...........................................7

*Maryland Cas. Co. v. Pacific Coal & Oil Co.*,
312 US 270, 273 (1941) ....................................................................4

*Medlmmune, Inc. v. Genentech, Inc.*,
471 F3d 469 (3d Cir. 2006)................................................................4

*Rodriguez v. AT&T Mobility Servs. Ltd. Liab. Co*.,
728 F.3d 975, 981 (9th Cir. 2013).....................................................6, 7

*St. Paul Mercury Indem. Co. v. Red Cab Co*.,
303 U.S. 283, 289 (1938)...................................................................6

*SanDisk Corp. v. STMicroelectronics, Inc*.,
480 F3d 1372, 1382 (Fed. Cir. 2007)...................................................4

*Scottsdale Indem. Co. v. Collazos*,
No. 16-8239, 2017 U.S. Dist. LEXIS 173990 ....................................8

*Singer v. State Farm Mut. Auto. Ins. Co*.,
116 F.3d 373, 377 (9th Cir. 1997)......................................................7

*Societe de Conditionnement en Aluminium v. Hunter Eng. Co., Inc*.,
655 F2d 938, 943 (9th Cir. 1981)........................................................5

*Standard Fire Insurance Co. v. Knowles*,
568 U.S. 588 (2013)..........................................................................6

*Stormans, Inc. v. Selecky*,
586 F3d 1109, 1124, (9th Cir. 2009) ...................................................4

*Taylor v. Westly*,
402 F3d 924  (9th Cir. 2005); *reh'g* and *reh'g en banc den.*,
___ F.3d ___ (May 13, 2005) .............................................................2

*Taylor v. Westly,*
      488 F.3d 1197, 1200-02 (9th Cir. 2007)................................................................2

*Taylor v. Westly,*
      525 F.3d 1288, 1291 (9th Cir. May 12, 2008)......................................................2

*Taylor v. Yee,*
      136 S. Ct. 929 (2016) ...........................................................................................1

*Texas Central Business Lines Corp. v. City of Midlothian,*
      669 F3d 525, 534 (5th Cir. 2012)..........................................................................4

*Tierney v. Schweiker*,
      718 F2d 449, 457 (DC Cir. 1983) .........................................................................6

*Universal Concrete Prods. V. Pike Co.,*
      No. 17-2589, 2018 U.S. Dist. LEXIS 4308............................................................8

*Venator Group Specialty, Inc. v. Matthew/Muniot Family, LLC,*
      322 F3d 835, 838 (5th Cir. 2003)..........................................................................4

*Verma v. 3001 Castor, Inc.,*
      937 F3d 221 (2019) ...............................................................................................2

*Westfield Ins. Co. v. Wertz,*
      No. 10-03066, 2011 U.S. Dist. LEXIS 57891 ........................................................8

## FEDERAL STATUTES AND REGULATIONS

### United States Code

28 U.S.C. § 1332.................................................................................................................3

28 U.S.C. § 1332(d).......................................................................................................2, 6

28 U.S.C. § 1391.................................................................................................................3

28 U.S.C. § 1441(a).............................................................................................................6

28 U.S.C. § 1446(c)(1).........................................................................................................6

28 U.S.C. § 1453(b).............................................................................................................6

28 U.S.C. § 2201.................................................................................................................4

28 U.S.C. § 2201(a).............................................................................................................5

**Federal Rules Of Civil Procedure**

Rule 12(b)(6)...................................................................................................2

Rule 57 ...........................................................................................................5

## PENNSYLVANIA STATE STATUTES

72 P.S. §§ 1301.1, *et seq.*...............................................................................3

72 P.S. § 1301.11(g)(2)....................................................................................3

## TREATISES

O'Connell & Stevenson, Rutter Group Practice Guide: Federal Civil Procedure Before
   Trial (2017) Section 10:55, p. 10-38..........................................................8

Plaintiff U.S. Claims Service, Inc., dba Payne Richards & Associates ("Payne Richards" or "Defendant"), by and through their counsel Marshall Dennehey Warner Coleman & Goggin and Palmer Law Group, a PLC, admitted *pro hac vice*, oppose plaintiff Dominic DeSimone's Motion to Strike and Dismiss For Lack of Subject Matter Jurisdiction And Failure to State a Claim and, in support thereof, submit the following Memorandum of Law as follows:

## I.   INTRODUCTION

Mr. Dominick DeSimone (hereafter, "Plaintiff") seeks to dismiss the Defendant's Declaratory Judgment Complaint (hereafter, "DJC") (DKT No. 1). (*See* Defendant's Motion to Strike And Dismiss For Lack of Subject Matter Jurisdiction And Failure to State a Claim "MTD.") The DJC alleges all necessary elements for jurisdiction before this Court and in "good faith" seeks a determination of the rights and obligations of the parties.  This is particularly the case when Plaintiff's nationwide class action lawsuit seeks to destroy the Plaintiff's family business.  (DJC Exhibit H - Complaint "Com." at ¶ 38.)  Specifically, Plaintiff states: "U.S. Claims Service' entire business model is threatened by Mr. DeSimone's class-action complaint, and rightfully so: this type of deceptive behavior is illegal."  (MTD at Defendant's Brief in Support, p. 1, ¶ 3.)  *A fortiori*, a party that has been sued has established a basis for declaratory judgment jurisdiction.  (*See Green Edge Enterprises, LLC v. Rubber Mulch Etc., LLC,* 620 F3d 127, 1300 (Fed. Cir. 2010).)

The Court understands that Plaintiff's class action impacts the Defendants' "nationwide" business and that there are fifty (50) states and five (5) territorial protectorates and that the laws are manifestly different for every jurisdiction.  For instance, Plaintiff touts a Los Angeles Times story (Com. at ¶ 17) but the California Unclaimed Property program was enjoined by a federal court and closed, thereby forcing a rewrite of the laws in that state.  (*See Taylor v. Yee*, 136 S. Ct. 929 (2016) (Published opinion by Supreme Court Associate Justices Samuel A. Alito, Jr. and

Clarence Thomas); *Taylor v. Westly*, 402 F.3d 924 (9th Cir. 2005); *reh'g and reh'g en banc den.* (May 13, 2005) (Describing California's "new approach" to escheat) ("*Taylor I*"); *Taylor v. Westly,* 488 F.3d 1197, 1200-02 (9th Cir. 2007) ("*Taylor II*") (resulting in a federal injunction); *Taylor v. Westly,* 525 F.3d 1288, 1291 (9th Cir. May 12, 2008) ("*Taylor III*") (awarding fees and costs).) Defendants are therefore entitled to understand why their business must be closed and why their actions are "deceptive," as Plaintiff now asserts, in all the United States.

Jurisdiction over the Plaintiff's underlying state action is also proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and the United States Supreme Court's decision in *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014) ("*Dart*"). (*See also Verma v. 3001 Castor, Inc*., 937 F3d 221 (3rd Cir. 2019) (citing same); *Coba v. Ford Motor Co*., 932 F3d 114 (3rd Cir. 2019).) Defendants provided facts in their Opposition to the Motion to Remand (DKT No. 10), Exhibit A - the Request for Judicial Notice "RFJN" No. 1, including a copy of Defendant's website showing Defendant has assisted over 500,000 people; and in the Declaration of Aaron Hashim (at ¶ 2) attesting to the fact that Defendant has sent approximately 112,804 notices since January 1, 2018 with a rough value of $12,000,000. Defendants have shown this Court that the amount in controversy and other elements are of CAFA are met. The DJC incorporates by reference this jurisdictional basis at pages 5-6 (¶ 17).

Defendants have already filed an FRCP Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint. This is because the Complaint admits that Defendants followed the law of the State of Pennsylvania, and that the Pennsylvania Office of the State Treasurer (hereafter, "Treasurer"), which administers the law, expressly approved the form contract that is attached as Exhibit A to the Complaint. (*See* Rule 12(b)(6) Motion to Dismiss at p. 2, lines 9-11 (DKT No. 5), Exhibit A, thereto, Request No. 2.)

2

The essence of Plaintiff's allegations are that every single mailing by this private party Defendant should include language explaining that citizens can "do the work for free."  (MTD. at ¶ 3.)  But the MTD (and Complaint for that matter) omit that the Plaintiff received multiple statutory notices that explained to the Plaintiff that he could recover his property "for free" as required under the State of Pennsylvania's Unclaimed Property Act ("UPA"), Title 72 P.S. Taxation and Fiscal Affairs, Article XIII.1. Disposition of Abandoned and Unclaimed Property §§ 1301.1, *et seq*.

Plaintiff readily admits that Defendant followed the law in Pennsylvania (*see* Com. at ¶ 22) and that the contract which Plaintiff signed with the Defendant was on the exact form and with content approved by the Treasurer. (*See* 72 P.S. § 1301.11(g)(2); *see also* Rule 12(b)(6) Motion to Dismiss (DKT No. 5), Exhibit A, thereto, Request No. 3 - Exhibits 2-4 - the Treasurer's express written authorization to use the form in question and Plaintiff's notarized claim forms.) Defendants require a disposition of their rights as discussed in the Legal Analysis section, below.

## II.   LEGAL ANALYSIS

### A.   <u>Mr. DeSimone's Criminal Record Will be Deleted From The Complaint</u>.

Plaintiff has represented that he does not have any criminal record.  (MTD at ¶ 11.)  The State of Pennsylvania's public court docket clearly suggested otherwise.  Defendants seek leave to delete paragraph 15 from the DJC at page 5.  Defendants already advised Plaintiff that this information would be deleted from the DJC in a letter dated January 6, 2020.

### B.   <u>The Article III Subject Matter Jurisdiction is Proper</u>.

The Plaintiff's MTD asserts that the amount in controversy falls below the jurisdictional prerequisite of $75,000; however, at paragraphs 4, 5, 17 of the DJC notes jurisdiction based on 28 U.S.C. § 1332 (¶ 4), 28 U.S.C. § 1391 (¶ 5).  Plaintiff also asserts there is no "actual controversy,"

which is odd.  The statutory phrase "case or controversy" refers to the types of "cases" or "controversies" that are justiciable under Article III of the U.S. Constitution.  (28 U.S.C. § 2201; *Medlmmune, Inc. v. Genentech, Inc*., 549 US 118, 125-126 (2007); *Aetna Life Ins. Co. v. Haworth*, 300 US 227, 239-240 (1937).)

Basically, the question is whether there is a "substantial controversy, between parties having adverse legal interests, of *sufficient immediacy and reality* to warrant the issuance of declaratory judgment."  (*Maryland Cas. Co. v. Pacific Coal & Oil Co*., 312 US 270, 273 (1941) (emphasis added); *Medlmmune, Inc. v. Genetech, Inc*., 549 US at 127, *supra*; *Venator Group Specialty, Inc. v. Matthew/Muniot Family, LLC,* 322 F3d 835, 838 (5th Cir. 2003); *Stormans, Inc. v. Selecky,* 586 F3d 1109, 1124, (9th Cir. 2009).)  The adversarial relationship must have crystallized to the point, as in this case, where there is a specific need for the Court to declare the parties' rights and obligations.  (*See J.N.S., Inc. v. State of Indiana,* 712 F2d 303, 305 (7th Cir. 1983); *Texas Central Business Lines Corp. v. City of Midlothian,* 669 F3d 525, 534 (5th Cir. 2012).)

A suit for declaratory relief presents an "actual case or controversy" where a plaintiff contends a defendant's business practices violate the law.  For example, a plaintiff – in this case, Payne Richards - need not "bet the farm" and risk a suit for infringement if it continued to sell a product it believes it is entitled to sell.  (*SanDisk Corp. v. STMicroelectronics, Inc*., 480 F3d 1372, 1382 (Fed. Cir. 2007).)  In this case, Plaintiff falsely contends that the government-authorized practices of Defendant are injuring the public on a nationwide basis.

This Court is aware of the law discussed in the following paragraphs and sections below. "In a case of actual controversy within its jurisdiction (except specified federal tax actions and bankruptcy proceedings)…any court of the United States…may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could

be sought." (28 U.S.C. § 2201(a) (parentheses added).) "The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." (FRCP Rule 57.) "In effect, it brings to the present a litigable controversy, which otherwise might only be tried in the future." (*Societe de Conditionnement en Aluminium v. Hunter Eng. Co., Inc*., 655 F2d 938, 943 (9th Cir. 1981); *see also Dickinson v. Indiana State Election Board,* 933 F2d 497 (7th Cir. 1991).)

Declaratory relief is a procedural device for granting a remedy. It does not create any substantive rights or causes of action. (*Harris County Texas v. MERSCOPR Inc*., 791 F3d 545, 552 (5th Cir. 2015).) Defendants do not seek to create a substantive rights – only an adjudication of their rights and obligations under the law. As in this very case, the DJC relieves potential defendants from, "The Draconian threat of impending litigation which is harassing adversary might brandish." (*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F2d 1542, 1555 (9th Cir. 1989).) It permits parties uncertain of their obligations to avoid incurring liability for damages by obtaining a declaratory judgment in advance of performance. (*See Societe de Conditionnement en Aluminium v. Hunter Eng. Co., Inc*., 655 F2d at 943, *supra*.)

It prevents avoidable damages from being incurred by a person who is not certain of his or her rights "…and affords him (or her) an early adjudication of his (or her) rights without waiting until his (or her)." (*Heimann v. National Elevator Industry Pension Fund,* 187 F3d 493, 511 (5th Cir. 1999) (parentheses added).)

A declaratory judgment need not resolve all the issues or the entire controversy: "The controversy settled by the declaratory judgment need only be an autonomous dispute." (*Harris v. United States Fid. & Guar. Co*., 569 F2d 850, 852 (5th Cir. 1978); *see Allstate Ins. Co. v. Davis,* 430 F. Supp. 2d 1112, 1122 (D HI 2006).) "The existence of another adequate remedy does not

preclude a declaratory judgment that is otherwise appropriate." (FRCP 57; *see Tierney v. Schweiker,* 718 F2d 449, 457 (DC Cir. 1983).)

**C.    Jurisdiction Over Plaintiff's Action is Already Properly Before This Court Under CAFA.**

The DJC at pages 5-6 (¶ 17), references the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) is proper over the Plaintiff's underlying state action. CAFA grants federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. (*Id.*) This is the jurisdictional basis on which Plaintiff's underlying state action is removed to this Court. A CAFA-covered class action may be removed to federal court and is subject to more liberalized jurisdictional requirements, i.e., the one-year limitation under § 1446(c)(1) does not apply, the case may be removed even if one or more defendants are citizens of the state in which the action was brought, and the case may be removed by any defendant without the consent of co-defendants. (*Id*. §§ 1441(a), 1453(b).)

In determining the amount in controversy, which is a central issue in Plaintiff's MTD, the Court first looks to the claims. Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." (*See St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 289 (1938) [Footnote omitted].) Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged. (*See Rodriguez v. AT&T Mobility Servs. Ltd. Liab. Co*., 728 F.3d 975, 981 (9th Cir. 2013).) In light of *Standard Fire Insurance Co. v. Knowles*, 568 U.S. 588, 594, (2013), this rule is not altered even if a plaintiff, such as the one here, affirmatively contends

in his Complaint that damages do not exceed $5 million.   (*See Rodriguez v. AT&T Mobility Servs. Ltd. Liab. Co*., 728 F.3d at 981, *supra*.)  The Defendants have already submitted evidence outside the Complaint, including affidavits or declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  (*See Dart, Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997) [internal quotation marks omitted].)

The rule is that if a plaintiff contests removal where the complaint fails to state an amount in controversy or alleges that damages "do not exceed $5 million," both sides must be given an opportunity to submit evidence, including declarations, affidavits and other "summary judgment" type evidence on the issue whether the more-than-$5 million threshold has been satisfied.  (*See Dart*, 574 U.S. at 88; *Ibarra v. Manheim Investments, Inc*., 775 F3d at 1195, *supra*.)

In the present case, as set forth in the sworn affidavit, Defendant has sent approximately 112,804 notices nationwide since January 1, 2018, during the class certification period alleged on the face of the Plaintiff's Complaint, and conservatively estimates contract fees owed in the amount of $12,000,000.00. (*See* Opposition to Motion to Remand (DKT No. 10), Exhibit A, thereto, in the Declaration of Aaron Hashim ("Hashim Decl.") at ¶ 2.)   This number is further supported and based on approximately 150 claims mailed daily with an average of $750.00 per claim, though with some values ranging as high as $100,000.00.  (*Id*.)

The evidence provided by Defendant and related to the contested amount in controversy (both direct and circumstantial), using reasonable assumptions underlying the theory of damages exposure, far exceeds $5,000,000.  (*Id*.)  (*See Ibarra v. Manheim Investments, Inc., *775 F3d at 1199, *supra* – assumption that wage violations occurred universally in every employee shift not grounded in evidence and unreasonable; *LaCross v. Knight Transp. Inc*., 775 F3d 1200, 1202-1203 (9th Cir. 2015).)  The basis for jurisdiction is alleged in the Defendants DJC at page 5-6 (¶ 17).

D.      **The District Court May Exercise Jurisdiction.**

Plaintiff argues that his nationwide class action lawsuit, which seeks to apply the laws of Pennsylvania, Texas, California, and the other 47 states and 5 territorial protectorates – should be litigated against these Defendants before the Court of Common Pleas, Philadelphia County, Civil Division.   However, the Court may readily see that the Plaintiff's allegations extend far beyond the borders of the State of Pennsylvania.   "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." (*Brillhart v. Excess Ins. Co*., 316 U.S. 491, 495 (1942).)

The vast weight of authority and the multi-jurisdictional facts weigh in favor of hearing the two consolidated actions before this Court.  (*See generally*, O'Connell & Stevenson, Rutter Group Practice Guide: Federal Civil Procedure Before Trial (2017) Section 10:55, p. 10-38 [citing *Chamberlain v. Allstate Ins. Co*., 931 F2d 1361 (1991)]); *see also Scottsdale Indem. Co. v. Collazos*, No. 16-8239, 2017 U.S. Dist. LEXIS 173990; *Foremost Ins. Co. v. Nosam*, LLC, No. 5:17-cv-02843, 2018 U.S. Dist. LEXIS 6645; *Westfield Ins. Co. v. Wertz*, No. 10-03066, 2011 U.S. Dist. LEXIS 57891; *Kelly v. Maxum Specialty Ins. Grp*., 868 F3d 274 (3d Cir. 2017).)  This Court is aware of the factors at issue in this instant dispute. (*See Universal Concrete Prods. V. Pike Co*., No. 17-2589, 2018 U.S. Dist. LEXIS 4308.)

Therefore, pendency of a state court action, does not of itself require a district court to refuse declaratory relief in federal court. In deciding whether to grant such relief in a particular case, the Supreme Court has counseled district courts to

> "ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open

8

there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc."

(*Brillhart v. Excess Ins. Co*., 316 U.S. at 495, *supra*.)

A district court, therefore, when deciding whether to exercise its jurisdiction under the Declaratory Judgments Act, must balance concerns of judicial administration, comity, and fairness to the litigants. An examination of the Plaintiff's claims as against the rationale underlying the *Brillhart* decision suggests the Court should hear this action. The Supreme Court in *Brillhart* founded its holding on at least three rationales.

First, the Supreme Court wanted to avoid having federal courts needlessly determine issues of state law. The Highest Court recognized the difficulty federal district courts would have in ruling on complex state law issues when it warned that "scattered opinions of an intermediate appellate court of a State may convey only doubts and confusion to one inexpert in the law of that State and yet be entirely clear and consistent when placed in the mosaic of the whole law of that State." (*Id*. at 497.)

Second, there is a concern that parties could attempt to avoid state court proceedings by filing declaratory relief actions in federal court. This kind of forum shopping could be avoided by requiring district courts to inquire into the availability of state court proceedings to resolve all issues without federal intervention. (*Id*. at 495.) In this case, the Plaintiff is asserting a nationwide class, and not simply claims under Pennsylvania State law. Defendants have already filed for removal of Plaintiff's underlying state court complaint under CAFA, and will move to consolidate the actions.

Third, this Court no doubt wishes to avoid duplicitous litigation. As the Supreme Court noted, "gratuitous interference with the orderly and comprehensive disposition of a state court

litigation should be avoided." (*Id.*)  But in this case, the Plaintiff seeks redress against Defendants in all the United States on potential class claims involving a putative class of thousands of citizens in many different states.  (*See* Opposition to Motion to Remand (DKT No. 10), Exhibit A, thereto, in the RFJN No. 1; Hashim Decl., at ¶ 2.)

The Court's exercise of its jurisdiction in this case does not contravene any of the *Brillhart* concerns. In most cases when a district court refrains from exercising its jurisdiction, the result is that no aspect of the proceeding remains in federal court.  (*See, e.g.*, *Brillhart*, 316 U.S. at 491, *supra*; *Fireman's Fund Ins. Co. v. Ignacio,* 860 F.2d 353 (9th Cir. 1988); *Fern v. Turman*, 736 F.2d 1367 (9th Cir. 1984), cert. denied 469 U.S. 1210 (1985).)  This is not so, here. Even if the Court refrains from exercising its jurisdiction over the Defendant's DJC, the Court would still exercise its diversity jurisdiction over the Plaintiff's multi-state class action litigation under CAFA. And, in order to adjudicate the Plaintiff's class action suit, the Court would have to determine the scope of the nationwide laws. Thus, whether this Court decided the entire controversy, or refrained from deciding part of it, major issues of the various states' law necessarily merit that this case should be decided in federal court.

By adjudicating the DJC, the district court avoids piecemeal litigation. This entire controversy may be resolved in one courtroom, albeit a federal one, and the *Brillhart* strictures have been accommodated.

/ / /

/ / /

/ / /

/ / /

/ / /

## III.     CONCLUSION

WHEREFORE, for all the foregoing reasons, Defendant respectfully requests that this Honorable Court rule in favor of Defendant and deny Plaintiff's Motion to Strike And Dismiss For Lack of Subject Matter Jurisdiction And Failure to State a Claim.

January 24, 2020                                    Respectfully submitted,

**PALMER LAW GROUP, A PLC**

By:     /s/ William W. Palmer
            WILLIAM W. PALMER, ESQ.
            Admitted *Pro Hac Vice*
            2443 Fair Oaks Blvd., No. 545
            Sacramento, CA 95825
            (916) 972-0761
            wpalmer@palmercorp.com

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By:     /s/ John P. Quinn
            JOHN P. QUINN, ESQ.
            Attorney ID No.: 85239
            2000 Market Street, Suite 2300
            Philadelphia, PA  19103
            (215) 575-2883
            jpquinn@mdwg.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and copy of Plaintiff's Memorandum of Law in Opposition to Motion to Strike And Dismiss For Lack of Subject Matter Jurisdiction And Failure to State a Claim was made on the below counsel of record via electronic mail by service of ECF:

Andrew B. Austin, Esquire
P.O. Box #54628
Philadelphia, PA 19148
austin@stackhousegroup.com

Dated January 24, 2020

**PALMER LAW GROUP, A PLC**

By:___/s/ William W. Palmer_____
WILLIAM W. PALMER, ESQ.
Admitted *Pro Hac Vice*
2443 Fair Oaks Blvd., No. 545
Sacramento, CA 95825
(916) 972-0761
wpalmer@palmercorp.com

12